IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

     v.

JAMES SEILER,

        Defendant.

11-CR-110-S



## PLEA AGREEMENT

The defendant, **JAMES SEILER** and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 924(c)(1) (possession of a firearm in furtherance of a drug trafficking crime), for which the mandatory minimum sentence is a term of imprisonment of 5 years and the maximum possible sentence is a term of imprisonment of life, such sentence to be imposed consecutively to any other term of imprisonment, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 5 years. The

defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.   The defendant understands that, if it is determined that the defendant has violated any of the terms and conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to **5 years**, without credit for time previously served on supervised release.

## II.   ELEMENTS OF THE CRIME AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.   that the defendant committed a drug trafficking crime for which he could be prosecuted in a Court of the United States, and
   b.   that the defendant knowingly possessed a firearm in furtherance of this drug trafficking crime.

**FACTUAL BASIS**

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Beginning in or about August 2010 and continuing to on or about September 9, 2010, the defendant, James Seiler, did knowingly and unlawfully possess firearms in furtherance of a drug trafficking crime for which he could be prosecuted in a Court of the United States, namely, the manufacture of marijuana plants.

   b. Specifically, on September 8, 2010, law enforcement officers of the Amherst Police Department responded to a domestic incident at an apartment located at 161 Fairgreen Drive, Amherst, New York. While there, the complainant led officers to an upstairs bedroom where a Mossberg 12 gauge shotgun, Model 500A, bearing serial number T083695 was located and removed from the location. On September 9, 2010, law enforcement officers returned to the residence at the request of the complainant. While there, officers located an unloaded .40 caliber Kel Tec in the top dresser drawer of the upstairs bedroom as well as two (2) boxes of .40 caliber ammunition, an empty .40 caliber Glock magazine, and a fully loaded thirty-two (32) round .40 caliber magazine. In the basement of the residence, officers located sixty-six (66) marijuana plants, along with various marijuana growing equipment, including lights, light hoods, pipes, a pvc tank, a timer, an air pump, and number bags of fertilizer. The parties agree that the firearms, ammunition and marijuana plants belonged to the defendant.

   c. The defendant, by this specifically admits to knowingly, intentionally and unlawfully manufacturing marijuana plants, a Schedule I controlled substance, between August 2010 and on or

about September 9, 2010, and to possessing the above described firearms in furtherance of this drug trafficking crime, for which he may be prosecuted in a court of United States.

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

6.  The government and the defendant agree that Guidelines § 2K2.4(b) applies to the offense of conviction and provides that the Guidelines sentence is the minimum term of imprisonment required by statute.  The applicable statute, Title 18, United States Code, Section 924(c)(1)(A)(i), requires a term of imprisonment of not less than 5 years to be imposed consecutively to any other sentence of imprisonment, a fine of up to $250,000, and a term of supervised release of 3 to 5 years, and as a result, the Guidelines term of imprisonment is 5 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

7.  The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this agreement by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

8.  The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

IV.  **STATUTE OF LIMITATIONS**

9.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of

the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture or distribution of controlled substances and the unlawful possession of firearms and ammunition which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

    V. **GOVERNMENT RIGHTS AND RESERVATIONS**

  10. The defendant understands that the government has reserved the right to:

  a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

  b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are

inconsistent with the information and evidence available to the government;

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor; and

d. advocate for a sentence consistent with the terms of this agreement.

11. At sentencing, the government will move to dismiss Criminal Complaint 10-M-117 pending against the defendant.

12. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. APPEAL RIGHTS

13. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 6 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

14. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

15. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised

release set forth in Section III, ¶ 6 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISIONS

16. The defendant agrees to surrender all of his right, title, and interest in the firearms and ammunition described below and agrees that the firearms and ammunition constitute a nuisance as provided for in New York Penal Law § 400.05 and hereby abandons all such properties to the appropriate agency having custody of same. The properties are described as follows:

   a.   a Kel Tec .40 caliber Model 2000 rifle, bearing serial number E2225;
   b.   Mossberg 12 gauge shotgun, Model 500A, bearing serial number T083695 ;
   c.   a loaded 32 round .40 caliber magazine;
   d.   an unloaded glock magazine; and
   e.   2 boxes of .40 caliber ammunition;

all of which were seized by law enforcement officers at on or about September 8, 2010 and September 9, 2010, at 161 Fairgreen Drive, Apartment "left", Amherst, New York.

17.  The defendant agrees that the above-described properties are also subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above properties.  The defendant further agrees to the destruction of the firearms and ammunition described above.

18.  The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the firearms and ammunition survive and shall be given full force and effect.

### VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

19.  This plea agreement represents the total agreement between the defendant, **JAMES SEILER** and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.<br>
United States Attorney<br>
Western District of New York

BY: _____
MELISSA M. MEETZE
Assistant U. S. Attorney

Dated: April 18th, 2011

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, FONDA KUBIAK, ESQ. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____          _____
JAMES SEILER                              FONDA KUBIAK, ESQ.
Defendant                                 Attorney for the Defendant

Dated: April 18, 2011                     Dated: April 18, 2011